UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2003 DEC -3 P 3: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | 03 Civ. |
| v. | ) ) ) | |
| 5,103 SQUARE FEET OF LAND, LOCATED AT 40-46 HARVARD STREET, SITUATED IN WESTWOOD, MASSACHUSETTS; MORTIMER B. ZUCKERMAN AND EDWARD H. LINDE, TRUSTEES OF THE 40-46 HARVARD STREET TRUST, OWNERS; AND UNKNOWN OTHERS, | ) ) ) ) ) ) ) ) ) | 03 12440 DPW |
| Defendants. | ) ) | |

## COMPLAINT IN CONDEMNATION

The National Railroad Passenger Corporation ("Amtrak") hereby files this Complaint in exercise of its right of eminent domain and alleges:

1. The plaintiff, Amtrak, is a corporation created under the provisions of the Rail Passenger Service Act, 49 U.S.C. § 24301 et seq. for the purpose of providing intercity rail passenger service. Amtrak is organized and exists under the laws of the District of Columbia and is deemed to be a citizen of the District of Columbia for the purpose of determining the original jurisdiction of the federal district courts in civil actions to which Amtrak is a party.

2. The jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States and 28 U.S.C. § 1349 inasmuch as Amtrak is incorporated under an act of Congress and more than one half of Amtrak's capital

3168483v1

stock is owned by the United States. In this action, Amtrak seeks to condemn property pursuant to its condemnation authority as set forth in Section 305 (d) of the Rail Passenger Service Act, 49 U.S.C. § 24311(b). Title 49 U.S.C. § 24311(b) provides this court with jurisdiction.

3. The 5,103 square feet of land, described in Exhibit A to the Declaration of Taking (the "Property") are located southerly of Harvard Street, adjacent to existing railroad track easements, being part of a parcel known as Plat 37, Lot 16 on the current tax assessor's map for the Town of Westwood. The Property is owned by Mortimer B. Zuckerman and Edward H. Linde, Trustees of the 40-46 Harvard Street Trust as part of a larger parcel shown as Lot 59 on Land Court Plan 26294R, owned by the said Zuckerman and Linde, Trustees under a Transfer Certificate of Title recorded at Book 688, page 195 in the Norfolk County Registry District of the Land Court

4. This property is necessary for intercity rail passenger transportation service. Ownership of a permanent railroad easement over the Property is necessary to accommodate platform and passenger track improvements. The permanent railroad easement is taken subject to and with the benefit of all easements, agreements and restrictions of record owner insofar as they may be in force and applicable. There is also reserved to the fee owner of the property, its successors and assigns, rights (a) to construct and use for a railroad service to Lot 59 as shown on Land Court Plan 26294R spur tracks connecting with tracks within this railroad easement, subject to the requirements of public authority and to the reasonable regulations of Amtrak and subject to Amtrak's specifications and the approval of Amtrak's chief engineer, which approval shall not unreasonably be withheld; (b) to cross the railroad easement described above where necessary for access between parcels on either side thereof and to streets or ways; (c) to use, construct, repair and replace for such crossings, driveways flush with any tracks, subject to the

3168483v1

approval of Amtrak's chief engineer, which approval shall not unreasonably be withheld; and (d) to use, construct, repair and replace utility lines, tunnels and bridges over or under said railroad easement, subject to the approval of Amtrak's chief engineer, which approval shall not unreasonably be withheld. Amtrak's existing right-of-way is immediately adjacent to the Property.

5. The Property is not owned by a railroad or any State or political subdivision thereof or any other governmental agency.

6. Plaintiff's estimate of just compensation for acquiring a permanent railroad easement on the Property, described in Exhibit A to the Notice of Condemnation is $51,000.

7. A Declaration of Taking, as required by Section 305(d)(2) of the Rail Passenger Service Act, 49 U.S.C. § 24311 (b), is filed with this Complaint and made a part hereof.

8. All persons, firms, corporations, and entities named as defendants herein are joined as defendants so that all of their rights, title, interest, and estates, if any, in all or part of the real property and/or the interests in real property involved herein shall be divested from them and vested in the plaintiff.

9. In addition to the persons named, there are or may be others who have or may have some interest in the property to be taken and whose names are unknown to the plaintiff, and such persons are made parties to the action under the designation "Unknown Others."

WHEREFORE, the plaintiff prays judgment that the Property be condemned pursuant to 49 U.S.C. § 24311 (a); that the plaintiff be granted free use of and access to the Property; that

just compensation for the taking be ascertained and awarded; and that the plaintiff be granted such other and further relief as this Court deems just and proper.

                                Respectfully submitted,

                                CHOATE, HALL & STEWART

                                By: _____
                                Eric W. Wodlinger (BBO #531960)
                                Johanna W. Schneider (BBO #643744)
                                Exchange Place
                                53 State Street
                                Boston, MA 02109
                                (617) 248-5000

Dated: Boston, Massachusetts
       December 3, 2003

3168483v1