UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br>Plaintiff,<br><br>v.<br><br>5,103 SQUARE FEET OF LAND, LOCATED AT 40-46 HARVARD STREET, SITUATED IN WESTWOOD, MASSACHUSETTS; MORTIMER B. ZUCKERMAN AND EDWARD H. LINDE, TRUSTEES OF THE 40-46 HARVARD STREET TRUST, OWNERS; AND UNKNOWN OTHERS,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 03 Civ.12440-DPW |

## JOINT STATUS REPORT

Pursuant to the Court's January 20, 2005 Order, plaintiff National Railroad Passenger Corporation ("Amtrak") and defendants Mortimer B. Zuckerman and Edward H. Linde, Trustees of the 40-46 Harvard Street Trust, (collectively, "Defendants") hereby submit the following Joint Status Report for the status conference set for May 24, 2005.

### I.     Settlement Discussions

At the January 20, 2005 Interim Pre-trial Conference for this matter, the parties requested that the Court allow them additional time to discuss with the Town of Westwood the Town's expressed desire to relocate the railroad siding/spur track easement which was the subject of the taking, to another location outside of the Westwood Industrial Park.  The parties each contacted the Town in early February and, despite numerous attempts to follow up on this issue, to date,

have not received from the Town a concrete proposal for an alternative location. On Friday, May 13, 2005, the Town Administrator spoke to the Trustees' counsel and left a message for Amtrak's counsel. The Town Administrator advised the Trustees' counsel that due to preparation for Town Meeting and other pressing Town business, he had not been able to give the necessary attention to the relocation of the railroad easement. The Town Administrator further advised that the Town had a continuing interest in relocating the site of the easement, that further investigation of the Town-owned relocation sites indicated that such sites were not appropriate for a rail easement, and that the Town was investigating and pursuing privately owned sites within the industrial park that would be suitable for a storage rail spur. In the message left for Amtrak's counsel, the Town Administrator indicated the Town's interest in meeting to discuss relocation of the easement; the Administrator did not, however, disclose to Amtrak's counsel any alternative locations, nor offer to provide plans of same. Counsel for both parties will make additional efforts to follow up with the Town, but it is unclear at this point whether the Town will be able to provide a substitute site. In the meantime, pursuant to this Court's August 3, 2004 order granting Amtrak's motion for immediate possession, construction of a new railroad spur track has commenced within the easement area taken by Amtrak.

## II.   Discovery Proceedings

In accordance with this Court's January 20, 2005 Order, the parties have exchanged expert appraisal reports.

The Trustees have made a partial response to Amtrak's Request for Production of Documents. The parties have agreed that the balance of the documents due shall be produced by June 3, 2005. The Trustees have informally provided information to Amtrak in response to Amtrak's Interrogatories. The parties have agreed that formal Answers to Interrogatories shall be provided by June 10, 2005.

Pursuant to Fed. R. Civ. P. 30(b)(6), Amtrak has noticed the depositions of Boston Properties and C.B. Richard-Ellis Whittier Partners Real Estate Brokerage, which depositions it expects to complete by July 30, 2005. Following receipt of responses to its outstanding discovery requests, Amtrak may wish to notice additional depositions. To date, the Trustees have not noticed any depositions.

### III.  Pending or Contemplated Motions

There are no motions currently pending in this matter. Because discovery is ongoing, Amtrak at this time is unable to determine whether summary judgment is appropriate in this matter.

### IV.  Proposed Dates for Pre-Trial Conference and for Trial

The parties propose that a final pretrial conference date and trial date be established after the conclusion of discovery and the conclusion of summary judgment practice, if applicable, as the results of these proceedings may affect scheduling.

MCT/149542.2

Respectfully submitted,

| | |
|---|---|
| MORTIMER B. ZUCKERMAN AND EDWARD H. LINDE, TRUSTEES OF THE 40-46 HARVARD STREET TRUST, | NATIONAL RAILROAD PASSENGER CORPORATION |
| By their Attorneys, | By its Attorneys, |
| MASTERMAN, CULBERT & TULLY, LLP | CHOATE, HALL & STEWART |
| By: /s/ Neal C. Tully<br>Neal C. Tully (BBO#504280)<br>One Lewis Wharf<br>Boston, MA 02110<br>(617) 227-8010 | By: /s/ Johanna W. Schneider<br>Eric W. Wodlinger (BBO #531960)<br>Johanna W. Schneider (BBO #643744)<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br>(617) 248-5000 |

Date: May 17, 2005