UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br>Plaintiff,<br><br>v.<br><br>5,103 SQUARE FEET OF LAND, LOCATED AT 40-46 HARVARD STREET, SITUATED IN WESTWOOD, MASSACHUSETTS; MORTIMER B. ZUCKERMAN AND EDWARD H. LINDE, TRUSTEES OF THE 40-46 HARVARD STREET TRUST, OWNERS; AND UNKNOWN OTHERS,<br><br>Defendants. | 03 Civ.12440-DPW |

## NATIONAL RAILROAD PASSENGER CORPORATION'S FINAL PRETRIAL MEMORANDUM

Plaintiff National Railroad Passenger Corporation ("Amtrak") submits the following pretrial memorandum pursuant to the Court's May 31, 2005 Order.

I.  **AMTRAK'S TRIAL COUNSEL**

   Eric W. Wodlinger
   Johanna W. Schneider
   Choate, Hall & Stewart
   Exchange Place
   53 State Street
   Boston, MA 02109
   (617) 248-5000

II. **TRIAL TYPE**

   Bench trial.

### III. CONCISE SUMMARY OF THE EVIDENCE THAT WILL BE OFFERED BY AMTRAK

Amtrak will offer evidence to show that its taking of a 5,103 square foot permanent easement in the Trustees' property at 40-46 Harvard Street in Westwood, Massachusetts was for the purpose of improving intercity rail transportation between New York and Boston. The evidence will show that the easement was designed to restore certain freight service that was lost when, as part of the Northeast High Speed Rail Improvement Project, Amtrak constructed a new station at Route 128 near Westwood. The evidence will further show that as mitigation for the lost freight track, Amtrak committed to fund the construction of an additional freight track extension in the nearby Westwood Industrial Park.

Amtrak will present evidence showing that the easement in property taken (the "Subject Property") is an irregularly shaped 5,103 square foot parcel of undevelopable land, which comprises 1.27% of the 9.2 acre parcel owned by the Trustees. The 9.2 acre parcel is located in an industrial park and is improved with an approximately 168,000 square foot warehouse building including approximately 30,000 square feet of mezzanine office space (the "Remaining Property"). Amtrak will offer evidence to show that the highest and best use of the Subject Property is accessory to the existing structure as an area for desirable railroad freight service to the existing industrial building, the Remaining Property, and other buildings nearby.

Amtrak's evidence will show that the Remaining Property has had a railroad spur and siding on it from its creation and from the inception of the industrial park and that, by design, it has always been subject to permanent railroad spur and lead easements. The Subject Property lies between an existing rail lead easement to its east and the private rail spur serving the Trustees' industrial building to the west. The taking allowed the southerly extension for

2

approximately 270 linear feet of a lead easement and track already located on the northeasterly corner of the Remaining Property. Amtrak's appraiser will testify that the taking for the extension of an existing lead easement has no impact on the highest and best use of the Remaining Property, nor has it affected its utility or marketability.

Amtrak's evidence will show that at the time of the taking, the 128 South real estate market was weak and has not significantly improved to date. Amtrak's evidence will also show that at the time of the taking, the Remaining Property had been entirely vacant for several months and that many similar or superior quality buildings within the industrial park were either entirely or substantially vacant at that time as well. The evidence will also show that this remains the case today. Evidence from Mr. Cantalupa of Boston Properties and Mr. Clancy of CB Richard Ellis-Whittier Partners will show that the property has been vacant since mid-2003, despite continuous marketing efforts by a major real estate brokerage firm beginning in July, 2002. The evidence will show that as a result of this continued vacancy, the landowner sought and received real estate tax abatements from the Town of Westwood. Testimony from these witnesses will also show that both prior to and after the taking, the property was marketed for a variety of uses, including industrial, warehouse, flex space, and office space, and that the landowner did not change that marketing approach as a result of the taking.

Amtrak's evidence will illustrate the development potential of this property for industrial and warehouse uses, multi-tenant/flex space, and light assembly uses, as well as the maximum office area that could be developed in the existing structure. Amtrak's expert Robert Daylor will offer his opinion that, based on zoning limitations, a conversion to wholly office use would be infeasible. Mr. Daylor will further opine that in the event of a partial office conversion of the building, any office areas created would most likely be located on the western side of the

3

building, closest to the parking areas. Mr. Daylor will also testify that changes in the Town of Westwood's zoning by-law in mid-2004 had no impact on the use or marketability of the Remaining Property.

As set forth in the December 3, 2003 Complaint in Condemnation, Amtrak has estimated that the fair market value of the Subject Property is $51,000; it will introduce evidence at trial, including testimony regarding comparable sales of vacant industrial land, to prove that $10 per square foot is the correct measure of value of the Subject Property and that, because there are no severance damages to the Remaining Property, the Defendants are not entitled to any additional compensation for the taking.

## IV.  FACTS ESTABLISHED BY THE PLEADINGS, ADMISSIONS, OR STIPULATIONS

The parties agree that the following facts have been established by the pleadings, admissions, or stipulation:

1. Amtrak is a corporation created under the provisions of the Rail Passenger Service Act, 49 U.S.C. § 24301 et seq., for the purpose of providing intercity rail passenger service.

2. On December 3, 2003, Amtrak filed with the United States District Court for the District of Massachusetts a Declaration of Taking for a permanent railroad easement over 5,103 square feet of land in Westwood, Massachusetts (the "Subject Property") owned by the Trustees (the "Taking").

3. The Trustees owned the Subject Property as part of a larger parcel shown as Lot 59 on Land Court Plan 26294R, also known as Plat 37, Lot 16 on the current tax assessor's map for the Town of Westwood.

4. The permanent railroad easement was taken subject to and with the benefit of all easements, agreements, and restrictions of record.

5. The easement taken by Amtrak reserved to the Trustees rights to (a) construct and use for railroad service to Lot 59 as shown on Land Court Plan 26294R spur tracks connecting with tracks within this railroad easement, subject to the requirements of public authority and to the reasonable regulations of Amtrak and subject to Amtrak's specifications and the approval of Amtrak's chief engineer, which approval shall not unreasonably be withheld; (b) to cross the railroad easement described above where necessary for access between parcels on either side thereof and to streets or ways; (c) to use, construct, repair and replace for such crossings, driveways flush with any tracks, subject to the approval of Amtrak's chief engineer, which approval shall not unreasonably be withheld; and (d) to use, construct, repair and replace utility lines, tunnels and bridges over or under said railroad easement, subject to the approval of Amtrak's chief engineer, which approval shall not unreasonably be withheld.

6. The Subject Property is situated entirely within an industrial zoning district in the Town of Westwood.

7. The Trustees' property consists of an approximately 9.21 acre lot improved with a 168,000 square foot warehouse and office building.

5

8. The Subject Property is adjacent to at least six loading bay openings with steel doors in the warehouse's easterly side.

9. The Subject Property is adjacent to an existing railroad right-of-way as well as a lead track to the MBTA's mainline.

10. Prior to the Taking, the Subject Property was undevelopable land.

11. The Taking was valid pursuant to Amtrak's condemnation authority under 49 U.S.C. § 24311 and necessary to support Amtrak's provision of intercity rail passenger transportation service between New York and Boston.

12. As compensation for the Taking, Amtrak deposited $51,000 with the Court.

13. The Taking has not interfered with rail service on the spur track serving the 40 – 46 Harvard Street building owned by the Trustees.

## V.   CONTESTED ISSUES OF FACT

The contested issues of fact are: (a) the fair market value of the Subject Property; and (b) whether the taking of the Subject Property had any effect on the fair market value of the Remaining Property (i.e., whether the taking for the extension of an existing rail lead easement on the easterly side of the property resulted in any severance damages to the Remaining Property).

## VI.   JURISDICTIONAL QUESTIONS
None.

## VII.   QUESTIONS RAISED BY PENDING MOTIONS
None.

VIII. **ISSUES OF LAW**

None.

IX. **REQUESTED AMENDMENTS TO THE PLEADINGS**

None.

X. **ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION**

Amtrak requests that the Court take a view of the property and surrounding area prior to the commencement of trial testimony.

XI. **PROBABLE LENGTH OF TRIAL**

The parties estimate a five (5) day trial.

XII. **WITNESSES TO BE CALLED BY AMTRAK**

>Troy Donaldson
>CSX
>448 Southbridge Street
>Worcester, MA 01610-1712

Mr. Donaldson will serve as a fact witness at trial.

>John F. Buckley
>SSB Realty LLC
>1776 Heritage Drive
>Quincy, MA 02171

Mr. Buckley will serve as a fact witness at trial.

>Michael Cantalupa
>Boston Properties
>111 Huntington Avenue
>Boston, MA 02199-7610
>617-236-3300

Mr. Cantalupa will serve as a fact witness at trial.

>Steven Clancy
>CB Richard Ellis-Whittier Partners
>111 Huntington Avenue
>Boston, MA 02199
>617-867-2340

Mr. Clancy will serve as a fact witness at trial.

>Richard J. Dennis, Sr., MAI, SRA, MRA
>Casey and Dennis
>6 Beacon Street
>Boston, MA 02108
>(617) 523-0023

Mr. Dennis is a certified general appraiser in the Commonwealth of Massachusetts with more than 35 years of appraisal experience. He has been a member of the Society of Real Estate Appraisers since 1968, and a member of the Appraisal Institute since 1987.

Mr. Dennis will offer expert testimony at trial.

>Robert Daylor, P.E., P.L.S.
>Daylor Consulting Group, Inc.
>10 Forbes Road
>Braintree, MA 02184
>(781) 849-7070

Mr. Daylor is a registered professional engineer and professional land surveyor in Massachusetts, with more than thirty years of experience in the consulting engineering profession as a project manager, designer and surveyor. He holds a B.S. and an M.S. in Civil Engineering from Northeastern University and is a member of the American Consulting Engineers Council National Society of Professional Engineers. Mr. Daylor is currently the Chief Executive Officer of the Daylor Consulting Group, a firm specializing in survey, site analysis and layout, land use planning, and engineering.

Mr. Daylor will offer expert testimony at trial.

### XIII. AMTRAK'S PROPOSED EXHIBITS

1. September 30, 1964 Indenture between Trustees of 128 Westwood Industrial Trust and New York, New Haven, and Hartford Railroad Company

2. October 13, 1965 Indenture between Trustees of 128 Westwood Industrial Trust and New York, New Haven, and Hartford Railroad Company

3. December 23, 1965 Grant of Easement from JM Huber Corporation to Trustees of 128 Westwood Industrial Trust

4. Deed from 128 Westwood Industrial Trust to Westwood Investment Trust of Lot 41 as shown on Plan 26294K, dated January 10, 1966. (Sh. 38, Doc. 271794)

5. Land Court Plans 26294A-L and R

6. Town of Westwood Board of Appeals Special Permit Decision and Record of Proceedings Pursuant to G.L. c. 40A, §18, dated June 22, 1966

7. Town of Westwood Board of Appeals Record of Proceedings, dated June 28, 1965

8. Town of Westwood Board of Appeals notice of Special Permit, dated June 28, 1965

9. Final Easement Plan of Land in Westwood, Massachusetts prepared for CSX Transportation, dated June 14, 1999 (revised June 27, 2000)

10. Complaint in Condemnation (December 3, 2003)

11. Declaration of Taking (December 3, 2003)

12. Aerial Photos of Subject Property

13. Ground Photos of Subject Property and Abutting Sites

14. Plan of Railroad Tracks and Sidings at Subject Property, prepared by Daylor Consulting Group, Inc., dated June 16, 2005

15. Parking Layout Plans, prepared by Daylor Consulting Group, Inc., dated June 16, 2005

16. August 9, 2002 email from David Provost to Jim Nicoletti (Clancy Dep. Exhibit 4)

17. Purchase and Sale Agreement with SSB Realty LLC, dated May 16, 2005

18. Town of Westwood 2003 Zoning By-law and Map

19. Town of Westwood 2004 Zoning By-law and Map

20. New England Real Estate Journal Advertisement, March 14-March 20, 2003

21. November 1, 2003 Proposed Floor Plan for Barry Controls (4 sheets)

22. CBRE Lease Emails, December 21, 2004 & February 11, 2005 (Clancy Dep. Exhibits 11,12)

23. February 25, 2004 Lease Proposal to Instron

24. Boston Properties Asset Summaries, 2003-2005

25. January 12, 2005 CBRE Memorandum with Handwritten Notes (Clancy Dep. Exhibit 20)

See also Exhibit A hereto.

## XIV. REMAINING OBJECTIONS TO EVIDENCE IDENTIFIED IN PRETRIAL DISCLOSURE REQUIRED BY FED. R. CIV. P. 26(a)(3)

None.

Respectfully submitted,

NATIONAL RAILROAD PASSENGER CORPORATION

By its Attorneys,

Eric W. Wodlinger (BBO #531960)
Johanna W. Schneider (BBO #643744)
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000